## DAMAGE TO PROPERTY FROM CHANGE OF GRADE OF STREET.

Circuit Court of Summit County.

MARY E. HURST v. CITY OF AKRON.

Decided, October 4, 1912.

*Roads and Streets—When City is Liable to Abutting Property Owners for Change in Grade of Street—Measure of Damages.*

1. In an action under Section 3828, General Code, providing for the assessment of damages to property owners occasioned by the improvement of a street, only damages which would result from the improvement as actually authorized by the council can be considered.

2. Where the owner of property, abutting upon a street upon which a grade has not been established, builds upon the property without reference to any reasonable or proper grade of the street which the city may thereafter establish, he is not thereby precluded from recovering damages resulting to his property from the establishment of an unreasonable and improper grade of the street; and the measure of his damages in such case will be the difference between damages which would have resulted to his property from the establishment of a reasonable and proper grade and that resulting from the grade as actually established.

3. Where an owner uses three adjoining lots in one inclosure as a homestead, he is entitled to damages to all of them caused by the establishment of an unwarranted and unreasonable grade of the street, even though there are no buildings upon two of the lots.

*Otis, Beery & Otis,* for plaintiff in error.
*Jonathan Taylor,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The relation of the parties here is the reverse of the relation in which they stood in the court below. The terms "plaintiff" and "defendant," as used in this opinion, will refer to the parties as they stood in the court below.

The city had improved Frederick street, upon which certain premises of the defendant abutted, and brought its proceeding in the court of common pleas to have the damages of the several property owners, who had made claims for damages by reason

of the improvement, assessed by a jury. The result was a verdict and judgment for the plaintiff below to the effect that the defendant was entitled to no damages.

The defendant insists that there was error upon the trial, first, because the court refused to permit evidence to go to the jury tending to show that the improvement of the street, which consisted in cutting down by grading the street in front of the defendant's premises, as actually made, made a cut of about one foot below the grade which had been established by the city council.

There was no error in the ruling on this question.

By Section 3823 of the General Code, it is provided that after the city has enacted proper legislation, and given the proper notice, the owners of the lands abutting upon the improvement claiming they will sustain damage by reason of the improvement, must serve a notice with the city clerk, setting forth the amount of damages they claim, etc.

It is provided also by Section 3824 that upon the expiration of the time limited for the filing of claims for damages, the council shall determine whether it will proceed with the proposed improvements or not, and whether the claims for damages so filed shall be judicially inquired into before the commencement or after the completion of the proposed improvement.

Section 3827 provides what shall be done to bring the matter into court, where it is determined to have the damages assessed before the making of the improvement.

It provides that this may be done either in the probate court or the court of common pleas, or before a judge thereof, and then it is provided "that the court or judge shall direct the summoning of a jury in the manner provided for the appropriation of property, and fix the time and place for the inquiry and the assessment of such damages, which inquiry and assessment shall be confined to such claims."

By Section 3828 it is provided that "the jury shall be sworn to inquire into and assess the actual damages in each case, separately, under such rules and instructions as shall be given it by the court."

In Section 3829 it is provided that—

"When the council determines to assess the damages after the completion of an improvement provided for by this chapter, for which a claim for damages has been filed as herein provided, the mayor or solicitor shall, within ten days after the completion of such improvement, make written application to the court of common pleas, or a judge thereof in vacation, or to the probate court of the county in which the corporation or the larger part thereof is situated, to summon a jury in the manner provided in this division for the appropriation of property, to assess the amount of damages in each particular one, and such court or judge shall fix the time and place for inquiry, and the assessment of damages, in the manner hereinbefore provided."

These words "in the manner hereinbefore provided," clearly show that so far as the assessment of damages is concerned, the rule will be exactly the same whether the inquiry is made before the improvement is made or after, and the same oath must be administered to the jury whether the assessment be made before or after the improvement is made.

As already pointed out, that oath, which is provided for in Section 3828, is that the jury shall inquire into and assess the actual damages in each case separately, etc.

These sections clearly provide for the assessment of damages to the several property owners who shall file claims for damages on account of a single improvement, and they provide that the damages to be assessed are the damages which resulted in the one case, and which will result in the other, from the improvement of the street, as provided by the legislation of the council. The inquiry is to be the same, and the oath administered the same, whether the inquiry be before or after the improvement; and the inquiry is to be as to the right of the party to damages and the amount of such damages under the claim which he has filed with the city clerk.

It is clear that the claim filed with the city clerk must be a claim for only such damages as will result from the improvement of the street, in the manner fixed by the legislation of the council, for these claims are to be fixed before any jury can be called or anything done in the way of assessment of damages.

The court, then, was clearly right in limiting the inquiry to the damages resulting from the improvement of the street in accordance with the grade established by the ordinance of the council. And so the court was right in excluding evidence as to any damages suffered by the plaintiff by reason of the grade having been below the point fixed by the ordinance.

It is again complained of as error, that the court refused to admit evidence from experts (engineers) as to the opinion of the witnesses as to the reasonableness of the grade.

In this there was no error. Expert testimony is admitted upon questions of science and art and the like, because the expert, from the nature of his calling, is better able to judge than one not an expert, even though the latter has the facts from which to judge. It is upon this principle that engineers, physicians, surgeons and other men having peculiar knowledge of the particular matter in question, are permitted to give opinions. But an expert, whether he be an engineer, or what not, is no more capable of judging whether the grade of a certain street is reasonable or unreasonable, than any other sensible man who has all the facts upon which an opinion is to be founded. One not an expert knows as well as an expert whether a certain street is so steep as to be unreasonable, when he knows the topography of the vicinity, knows the use to which the street is to be put, knows the kind of loads that are likely to be hauled up or down it, and the other facts which are to be taken into the account. We know of no case that would authorize the receiving of such evidence as it was here proposed to give.

Another question which is raised on the evidence, is as to the question asked of Mr. William T. Sawyer. Mr. Sawyer either was, at the time of the trial, or had been, the mayor of Akron, and therefore a man whose opinion would be likely to have weight with a jury. He lived in the neighborhood of this improvement, though he had no acquaintance with the husband of the plaintiff; but when the husband of the plaintiff was on the stand, he was asked, in cross-examination, if he had not had a talk with Mr. Sawyer at the time he was excavating for the building of the house on one of the lots of the plaintiff fronting

on this street, and whether Mr. Sawyer had not said to him that he was arranging to build his house too high with reference to the street, because when the street should be improved there would be a deep cut in front of his premises, the witness had answered that he had no such talk or any other talk with Mr. Sawyer on the subject. Mr. Sawyer was then called by the city, and was asked if he had not said these words to the defendent's husband which the husband had denied. Over the objection of the husband Mr. Sawyer was permitted to answer, and did answer, that he had said to the defendant's husband what the husband had denied that he had said to him.

The court said to the jury that this testimony of Sawyer was admitted only as bearing upon the credibility of the witness, the plaintiff's husband.

If this was the only ground upon which it could be admitted, we think its admission was clearly erroneous. If it was wholly immaterial as bearing upon the real issues in the case whether such talk had been had, then the plaintiff was not entitled, as bearing upon the credibility of the witness, the husband, to allow Sawyer to contradict him. Where a question is asked in cross-examination upon an immaterial question, it is not permissible, for the purpose of impeaching the witness, to show that what he said about it was not true. We believe there is no conflict of the authorities on this question.

Suppose that this husband while on the stand as a witness, had been asked if he did not once live in the city of Massillon, and he had answered "no;" and suppose further that it had been wholly immaterial whether he ever lived in the city of Massillon or not, it is conceivable that his credibility may be affected in this case by bringing somebody in from Massillon to testify that he once did live there? Unless, then, the talk which Sawyer says he had with him in some way bore upon a question involved in the case, and we can not conceive of but one question upon which it could bear at all, and that would be whether the plaintiff exercised reasonable judgment in selecting the place to build his house (assuming that in the building he was acting as the agent of his wife), this question was wholly immaterial.

Sawyer's answer showed that Sawyer's judgment was that the house was not being built with reference to a future probable grade of the street, and while we might hesitate about reversing the case because of the admission of this testimony of Sawyer, I personally feel clear that it ought not to have been admitted, and my only doubt is as to whether it was calculated to prejudice the rights of the defendant, and it seems to me that it might well do so in view of the prominence of Mr. Sawyer in the community. However, as we have reached the conclusion that the judgment is to be reversed for other errors, to which attention will be called, nothing more will be said of this, except that it is to be hoped, if the case is ever tried again, that this question will not arise.

But the most serious question in the case, as we view it, arises upon the charge of the court. The court said in his charge:

"It is admitted in this case that when Mary E. Hurst improved Lot 31 by building a house thereon, there was no grade established on Frederick street in front of said lot. She was therefore bound in law, in making her improvement, to anticipate the city might at any time establish a reasonable grade in front of her premises, and improve the street accordingly. She was bound to anticipate a future grade of the street in accordance with the future wants of the public, and the city is not liable to her for any damage that the improvement of said street caused to her property, unless she exercised reasonable care and judgment in erecting her house with a view to a reasonable and proper grade, and unless the grade afterwards established was not a reasonable and proper grade, taking into consideration the topography of the territory through which the street passed, the grade of connecting streets, the character and amount of travel upon the street and the probable requirements of the future in that regard, the important consideration being the necessities and convenience of public travel."

In this we think the court erred. It required more of the defendant than the law requires. The court had in mind, in giving the charge, the case of *Crawford* v. *Village of Delaware,* 7 O. S., 460, and the case of *Akron* v. *Chamberlain Company,* 34 O. S., 328,

In the first of these cases, the second paragraph of the syllabus reads:

"The owners of lots upon a street, the grade of which has not been established, must use reasonable care and judgment in making improvements, with a view to a reasonable and proper grade; and the town or city will not be responsible for injuries to such improvements by afterward grading the street, if the grade, by ordinary care, could have been anticipated."

Clearly, the meaning of this is that any grade which should be made of the street after the improvements were made upon the property, which, by the exercise of "ordinary care could have been anticipated," would be a reasonable and proper grade, and, therefore, the property owner being bound to anticipate any reasonable and proper grade which should thereafter be made on the street, would not be able to recover damages because of such reasonable and proper grade. It was not meant to say that although the owner was bound to anticipate a future and proper grade of the street, that even where there had been a failure to so anticipate, still the property owner could not recover for an unreasonable and improper grade, if he had suffered thereby.

In the case of *Akron* v. *Chamberlain Company, supra,* the second paragraph of the syllabus reads:

"The liability of a municipality for injury to buildings on abutting lots exists only where such buildings were erected with reference to a grade actually established, either by ordinance or such improvement of the street as fairly indicated that the grade was permanently fixed, and the damage resulted from a change of such grade, or where the buildings, if erected before a grade was so established, were injured by a subsequent establishment of an unreasonable grade."

Under this, as well as under the case of *Crawford* v. *Delaware,* it is clear that damages can not be recovered by a property owner against a municipality where the grade finally established by the municipality was a reasonable and proper one, such as a reasonably prudent man should have anticipated, provided the improvements which the owner put upon the property, were made before any grade was established. But it does not follow that

one who improves his lands in such wise that a future reasonable and proper grade would result in damage to his property, is absolutely prohibited from recovery where the future grade is unreasonable.  Probably the damages to which an owner in the case last stated would be entitled would. be the difference between what he would have suffered if the grade, finally established, had been reasonable and proper, and the injury which came to him by reason of the unreasonable and improper grade.

To illustrate:

Suppose that a property owner makes improvements upon his property where no grade is established.

A reasonable and proper grade, one which an ordinarily prudent man should have anticipated, would cut down the street in front of his property anywhere from seven to ten feet, because there may be more than one grade that could be established that would be reasonable and proper, and so, as already said, the owner making the improvements upon a property should have anticipated that the street would be cut from seven to ten feet, but he made his improvement on his property without reference to such future reasonable grade.  It is clear that if a grade had thereafter been established which should make the cut from seven to ten feet, the owner would be entitled to no damages, because he was bound to have anticipated.

But, suppose that the street is graded in such wise that there is a cut in front of his premises of twenty-five feet, fifteen feet of which cut is unreasonable and improper.  Is he to be deprived of his damages because he did not build with reference to the future cut of from seven to ten feet?  And yet, if the charge of the court in this case was right, the owner making the mistake of failing to exercise proper judgment in anticipation of a future reasonable grade, is absolutely cut off from recovery of any damages, however unreasonable and improper the grade is.

We think this is not the law; that it ought not to be the law, and it is not be gathered from these two cases, when properly considered.

Another question in the case is whether the right to recover existed at all for injury to the two lots which the defendant owned, the one being on the right hand and the other on the left

hand of the house which was built on the middle lot of the three; the three were in one enclosure and, together with the house, constituted the home of the defendant.

There was evidence tending to show that though there was no building on either of the lots other than the middle one, there were flowers planted, a lawn made and the lots graded in such wise as to properly constitute,. when taken with the homestead lot, a single homestead property.

The fact that these lots were purchased after the house was built, which they were, does not, as we view it, affect this question. If the plaintiff was entitled to recover at all under a proper charge, it is not certain that she was not entitled to recover as well for injuries to the lots on either side of her house as for injuries to the lot on which the house stood.

For error in the charge, the case is reversed and remanded to the court of common pleas.